### WEST PENN BENEFICIAL ASS'N v. UNITED STATES.

No. 896.

District Court, W. D. Pennsylvania.

Civ. April 16, 1942.

576

Walter W. McVay of Pittsburgh, Pa., for plaintiff.

Charles F. Uhl, U. S. Atty., and Elliott W. Finkel, Asst. U. S. Atty., both of Pittsburgh, Pa., Samuel O. Clark, Jr., Asst. Atty. Gen., and Andrew D. Sharpe and Arthur L. Jacobs, Sp. Assts. to the Atty. Gen., for the United States.

GIBSON, District Judge.

The court, after hearing and consideration, makes the following findings of fact and conclusions of law:

### Findings of Fact.

The court finds the facts as per stipulation, filed October 20, 1941, now referred to and made part hereof.

### Conclusions of Law.

I. The plaintiff is not a life insurance company within the meaning of Section 201 of the Revenue Act of 1932 and Section 201 of the Revenue Act of 1934, 26 U.S.C.A. Int.Rev.Acts, pages 546 and 729.

II. The plaintiff can not be heard to contend in this suit that it is a mutual insurance company other than life insurance within the meaning of Section 208 of the Revenue Act of 1932, and Section 207 of the Revenue Act of 1934, 26 U.S.C.A. Int. Rev.Acts, pages 550 and 735.

III. The plaintiff is not a mutual insurance company other than life insurance within the meaning of Section 208 of the Revenue Act of 1932 and Section 207 of the Revenue Act of 1934.

IV. The dues paid the plaintiff constitute income to the plaintiff and do not constitute capital contributions.

V. The plaintiff can not be heard to contend in this suit that the dues paid by its members constitute capital contributions and not income in its claim for the recovery of taxes paid for the year 1933 for the reason that no such contention was made in the claim for refund filed by the plaintiff for that year.

VI. The plaintiff's recovery for 1932 and 1933 is limited to the amount of tax paid within two years prior to the filing of the claims for refund filed for those years.

VII. The plaintiff has failed to prove that the premium deposits were retained for the payment of "losses, expenses, and reinsurance reserves" within the meaning of Section 208 (c) (3) of the Revenue Act of 1932 and Section 207 (c) (3) of the Revenue Act of 1934 and the amount thereof.

VIII. The taxes in question were legally assessed and lawfully collected.

IX. The plaintiff has failed to prove a cause of action against the defendant.

X. The defendant is entitled to judgment dismissing plaintiff's Complaint.

### Discussion.

Complainant seeks to recover income taxes paid by it for the years 1932, 1933, 1934 and 1935.

It is a voluntary unincorporated Association whose membership consists of employees of certain affiliated companies of Western Pennsylvania. Its purpose is to relieve sick and injured members and the beneficiaries of deceased members. The Association has no paid officers or employees, and has disbursed no moneys except for the purposes of its organization. Prior to the tax years in question it was exempt from tax, Section 103 (16) of the Revenue Act of 1928, 26 U.S.C.A. Int. Rev.Acts, page 374, as 85% of its income consisted of amounts collected from members for the purpose of meeting obliga-

tions. In the years under consideration the amounts so collected amounted to less that 85% of its income, and therefore exemption is not claimed under Section 103 (16) of the Revenue Act of 1932 or Section 101 (16) of the Act of 1934, 26 U.S.C.A. Int.Rev.Acts, pages 508, 688, each of which is practically identical with Section 103 (16) of the Act of 1928.

On behalf of the Complainant it is contended that the Commissioner had no authority to assess the taxes under Section 204 of the Revenue Acts of 1932 and 1934, 26 U.S.C.A. Int.Rev.Acts, pages 548 and 732, and that the Association was subject as to tax to the provisions of Section 201 to 203, inclusive, of the Revenue Acts of 1932 and 1934, 26 U.S.C.A. Int.Rev.Acts pages 546, 547 and 729, 730, or, if not to those sections, to Section 208 of the Revenue Act of 1932 and Section 207 of the Revenue Act of 1934, 26 U.S.C.A. Int.Rev. Acts, pages 550 and 735; and, if not technically to be assessed under those sections, that the $1.00 per month premium paid to the Association by its members was but a capital contribution and as such not taxable as income under either of the Revenue Acts of 1932 and 1934.

Sections 201, 202, 203 and 204 of the Acts of 1932 and 1934 are identical, 26 U.S.C.A. Int.Rev.Acts, pages 546–548 and 729–732. An examination of them will disclose that the Complainant is not the Life Insurance Company defined by Sections 201–203, and considered by them. By the definition (Section 201) the Company considered is one "the reserve funds of which held for the fulfillment of such contracts [life, health and accident] comprise more than 50 per centum of its total reserve funds." By Section 202(a) "gross income" means the gross amount of income received from interest, dividends and rents; and by paragraph (b) of said Section the "reserve funds required by law" are asserted to include, in the case of assessment insurance, sums actually deposited "with State or Territorial officers pursuant to law as guaranty or reserve funds, and any funds maintained under the charter or articles of incorporation * * * for the payment of claims arising under certificates of membership or policies issued upon the assessment plan and not subject to any other use." By Section 203 (a) the net income of the contemplated life insurance company is determined to be "the gross income less * * * (2) [its] Reserve funds."

The Complainant, West Penn Beneficial Association, is not under the control or supervision of the Insurance Commissioner of Pennsylvania. It is an unincorporated association which neither by statute nor its by-laws is required to maintain, or does maintain as such, a reserve fund. By Treasury Regulations 77, Article 951, and substantially by Treasury Regulations 86, Articles 201 (a)-1 and 203 (a) (2)-1, relating to Section 201 of the Acts of 1932 and 1934, "reserve fund" is alleged to mean "reserve * * * required either by express statutory provisions or by the rules and regulations of the state insurance department and promulgated in the exercise of power conferred by statute." Practically the same definition of "reserve fund" has appeared in prior Regulations from 1921 to date. Congressional approval is to be presumed from the length of time the interpretation has appeared in the Regulations.

It seems plain that the Complainant Association, although a mutual life insurance company, is not the life insurance company contemplated by Sections 201–203 of the Revenue Acts of 1932 and 1934. We proceed, then to Complainant's second contention.

That contention is to the effect that, if not a life insurance company under said Sections 201–203, it is a "Mutual Insurance Company other than Life", and that as such its income tax should be determined under Sections 208 (a) and 207 (a) of the Revenue Acts of 1932 and 1934, respectively. In none of the four claims for refund was this position asserted. Although not advanced by the Complainant, the subject matter of this phase of Complainant's action was considered at some length by the Commissioner in statement accompanying his letter of January 18, 1938, preceding his letter of May 27, 1938, finally rejecting all claims. The fact that he considered it places Complainant in a somewhat different position than were the plaintiffs in a number of suits for refund who sought to recover upon a claim not presented to the Commissioner. Therefore, not passing upon the doubtful right of the Complainant to advance the contention in the absence of formal presentation of it in its claim for refund, the matter has been considered.

The deductions allowed by Section 208 of the Act of 1932 and Section 207 of the Act of 1934, are, first, the net addition required by law to be made to reserve funds "(including in the case of assessment insurance companies the actual deposit of sums with State or Territorial officers pursuant to law * * *)"; second, the sums other than dividends paid in policy and annuity contracts, and third, "the amount of premium deposits returned to their policyholders, and the amount of premium deposits retained for the payment of losses, expenses, and reinsurance reserves".

The wording of the sections seems to make it plain that the insurance company contemplated is one required by law to make additions to a reserve fund, and which returns to policy holders the assessed amount not required to meet losses. Judged by the standards of the statute, the Complainant cannot come under its provision. It maintains no reserve pursuant to law, nor is it required to make returns of excess of premium to policy holders, short of liquidation, when the return is not of excess of premiums paid by present members. It is not a life insurance company as defined by statute, nor an insurance company other than life, as so defined.

We come then to the third position of Complainant. It asserts that the dues paid in by its members are capital contributions, not income. The Complainant is a beneficial insurance company, out of which no man makes one cent. Judged by ordinary standards, it is a mutual insurance association and a mutual life insurance association, but not such an association as contemplated either by Sections 201–203 of the Revenue Acts of 1932 and 1934, or by Section 208 of the Act of 1932 or Section 207 of the Act of 1934. It is viewed by the said Revenue Acts under Section 103 of the Act of 1932 and Section 101 of the Act of 1934, 26 U.S.C.A. Int. Rev.Acts pages 506 and 688. Those sections are identical in wording and read as follows:

"Exemptions from Tax on Corporations

"The following organizations shall be exempt from taxation under this title—

* * * * *

"(10) Benevolent life insurance associations of a purely local character, mutual ditch or irrigation companies, mutual or cooperative telephone companies, or like organizations; but only if 85 per centum or more of the income consists of amounts collected from members for the sole purpose of meeting losses and expenses."

By the Revenue Act of 1913, 38 Stat. 173, mutual insurance associations were not exempted from tax, but subsequent Acts prior to the Act of 1924 exempted them and they were required to make returns. By the Act of 1924 and subsequent Acts they were exempt, but only if 85 per centum or more of their income for the year came from collections from members. It is plain from the legislative history of Sections 103 and 101 of the Acts of 1932 and 1934, respectively, that the Congress intended to tax mutual associations such as the Complainant if less that 85 per centum of income came from premiums; and this fact must be kept in mind in the consideration of Complainant's contention that members' dues are to be considered as capital contributions and not as income. If the Congress had any such proposition in mind, why the 85 per centum phase? If the dues were not to be part of the income, then the mutual associations would be exempt unless their incomes other than from dues amounted to more than their losses and expenses. No such provision or limitation appears in the Acts although it would be almost certain to be in them if such had been the intention of the Congress. The line of demarcation between exempt and non-exempt beneficial associations is fixed at 85 per centum of the income derived from premiums, not upon excess of other income over losses and expenses.

Complainant's capital contribution theory is based upon Duffy v. Mutual Benefit Life Ins. Co., 272 U.S. 613, 47 S.Ct. 205, 207, 71 L.Ed. 439. The Mutual Benefit Company was an Insurance Association under the supervision of the State and required by law to maintain a certain reserve. The Commissioner had assessed an additional excess profits tax against it, based upon his finding that its legal reserve was not a part of its capital. The tax in question was under the Act of 1917. The Supreme Court held that the legal reserve was to be considered a part of the Company's invested capital. In part it said:

"To the extent of $70,000,000 the legal reserve consisted of 'actual cash paid in' by the members. These payments were in-

tended for investment, and were invested, to increase the resources of the company and thereby reduce the cost of the insurance; and it requires no stretch of the realities to say that, within the meaning of subdivisions (1) and (2), section 207 (a), the fund which they created is invested capital."

It will be noticed that the matter in issue in this case is not the same as that in Duffy v. Mutual Benefit Life Insurance Company, nor are the essential facts the same. In the present matter no member contributed to a legal reserve, and had the status similar to that of a stockholder in a partnership prior to the maturity of his policy, when he became a creditor. His payment was made without any contemplation of a reserve whereby he might secure a later reduction in the cost of insurance. No return of redundancy in the present matter, was to be made to a member other than at the maturity of his policy or at liquidation of the association. It will be noted, also, that in the Duffy case, the court considered as capital only that part of the premium which had been added to the legal reserve, not the whole premium. In the instant matter, no legal reserve being maintained, no distinction can exist between the part going into present insurance and the part in excess of the actual cost of it. All of these differences are to be considered in addition to the evident intent of the Congress to impose a tax on mutual associations operating without State control and without maintenance of a legal reserve, Sections 103 and 101, respectively, of the Acts of 1932 and 1934.

It may seem, upon casual consideration, that there is some inequity in taxing upon its entire income, a non-profit mutual beneficial association such as the Complainant, and allowing an association for profit to be taxed only upon its returns from interest, dividends and rents. It may seem particularly so in the case of the present Complainant. If so, the inequity is chargeable to the Congress. However it must be remembered that the legislation does not relate to a single association, and it well may be that all associations unregulated by the State and without requirement of a legal reserve are not so immaculate as Complainant, and that a discrimination in favor of the insurance association operating and controlled by State law may not be unwise. The capital-contribution theory of Com-

plainant has been discussed generally. It was not advanced, and cannot be considered, in the claim for refund for the year 1933.

In view of the foregoing it would seem that further discussion of the Complainant's claims was unnecessary. However, it will be noted that the claim for refund for the year 1932 was made in time only as to the payment after December 12, 1934, and the claim for 1933 is timely only as to the payments made on and after September 15, 1934.

Judgment will be entered in favor of defendant.

Let an order be presented in accordance with the foregoing opinion.